Castillo v Logan Bus Co., Inc. (2026 NY Slip Op 00873)

Castillo v Logan Bus Co., Inc.

2026 NY Slip Op 00873

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09239
 (Index No. 522799/19)

[*1]Esther Castillo, appellant, 
vLogan Bus Co., Inc., et al., respondents.

Elliot Ifraimoff & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Bamundo Zwal Schermerhorn & Caffrey, LLP, New York, NY (Tara L. Stanchfield of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated July 20, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for leave to reargue their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability, which had been granted in an order of the same court dated February 16, 2023, and, upon reargument, in effect, vacated so much of the order dated February 16, 2023, as granted that branch of the plaintiff's prior motion, and thereupon, denied that branch of the prior motion.
ORDERED that the order dated July 20, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The accident occurred when a school bus owned by the defendant Logan Bus Co., Inc., and operated by the defendant Jean Claude Picard, collided with the plaintiff's vehicle in the intersection of Woodhaven Boulevard and Jamaica Avenue in Queens. In an order dated March 2, 2022 (hereinafter the March 2022 order), the Supreme Court, inter alia, directed Picard to appear for a deposition by a date certain and ordered that, if Picard failed to appear for a deposition by this date, he would be precluded, among other things, from offering evidence in opposition to a dispositive motion. Picard thereafter failed to appear for a deposition, and the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated February 16, 2023 (hereinafter the February 2023 order), the court, among other things, granted that branch of the motion.
The defendants thereafter moved, inter alia, for leave to renew and reargue their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability. To the extent the defendants sought leave to renew, they contended, among other things, that a change in decisional law prior to the February 2023 order meant the Supreme Court had misapplied the March 2022 order to bar both defendants from offering evidence in opposition [*2]to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability. In seeking leave to reargue, the defendants contended that the court had overlooked an affidavit of Lidia Pineda, a nonparty witness, which raised triable issues of fact as to whether the defendants were free from fault in the happening of the accident.
In an order dated July 20, 2023, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for leave to renew, granted that branch of their motion which was for leave to reargue, and, upon reargument, in effect, vacated so much of the February 2023 order as granted that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability, and thereupon, denied that branch of the prior motion. The plaintiff appeals.
"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (Milennium Dev. & Constr., LLC v Pick, 235 AD3d 737, 739 [internal quotation marks omitted]). "[T]he determination to grant leave to reargue lies within the sound discretion of the court" (D'Amico Constr., Inc. v Cow Bay Sprinkler Corp., 233 AD3d 1024, 1025 [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting leave to reargue, as the court (1) misapprehended the terms of the March 2022 order and (2) overlooked an affidavit submitted by the defendants in opposition to the plaintiff's prior motion (see CPLR 2221[d]; Christopulos v Christopulos, 209 AD3d 968, 969).
Insofar as the Supreme Court concluded it had misapprehended the terms of the March 2022 order, the court correctly determined, in the order on appeal, that, in fact, only Picard was precluded from offering testimony or an affidavit.
The Supreme Court also properly, upon reargument, denied that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Farooq v Uber USA, LLC, 235 AD3d 846, 846-847 [internal quotation marks omitted]).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. However, in opposition, the defendants raised triable issues of fact through the submission of Pineda's affidavit. Pineda averred that Picard was facing a green turn arrow permitting a left turn at the intersection of Woodhaven Boulevard and Jamaica Avenue before the collision, raising a triable issue of fact as to whether Picard had the right of way and was free from fault in the happening of the accident. Contrary to the plaintiff's contention, this issue of fact is more than simply about the apportionment of fault between the plaintiff and the defendants, since the trier of fact could find that the defendants were free from fault in the happening of the accident.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court